```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF VIRGINIA
                     RICHMOND DIVISION




UNITED STATES OF AMERICA,

              Plaintiff,
         v.                         Case No.
                                    3:10-cr-00308-JRS-1
ISRAEL CRUZ MILLAN,

              Defendant.




    Before:   THE HONORABLE DENNIS W. DOHNAL, JUDGE

                       GUILTY PLEA




                   November 15, 2011



                   Richmond, Virginia







               CHANDLER and HALASZ, INC.
              Stenographic Court Reporters
                      P.O. Box 9349
                Richmond, Virginia 23227
                     (804) 730-1222
        Reported by:  Tracy J. Stroh, RPR, CCR, CLR
```

```
 1  Appearances:

 2              UNITED STATES ATTORNEY'S OFFICE
                By:  MICHAEL R. GILL, ESQ.
 3                   ANGELA MASTANDREA-MILLER, ESQ.
                          and
 4              DEPARTMENT OF JUSTICE
                By:  ADDISON THOMPSON, JR., ESQ.
 5              Assistant United States Attorneys and
                Trial Attorney, respectively, of
 6              counsel for Plaintiff

 7

 8              SRIS LAW GROUP, PC
                By:  ATCHUTHAN "SRIS" SRISKANDARAJAH, ESQ.
 9                   ROBERT COMBS, ESQ.
                          and
10              OFFICE OF THE FEDERAL PUBLIC DEFENDER
                By:  FREDERICK T. HEBLICH, JR., ESQ.
11              attorneys, of counsel for Defendant

12

13  Also present:

14              Johnnie Benningfield, interpreter

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                 (The hearing in this matter commenced at
 2                 9:20 a.m.)
 3
 4            THE COURT:  Good morning, everyone.
 5            MS. MASTANDREA-MILLER:  Good morning.
 6            THE COURT:  Ms. Garner, please call the
 7    matter.
 8            THE CLERK:  Criminal matter 3:10-cr-308,
 9    United States of America versus Israel Cruz Millan.
10            If the defense would stand and identify
11    themselves, followed by the U.S. Attorney's Office for
12    the Court, please.
13            MR. SRISKANDARAJAH:  Good morning, Your
14    Honor.  May it please the Court.  Atchuthan
15    Sriskandarajah, here on behalf of Mr. Millan.
16            THE COURT:  Welcome, sir.
17            MR. SRISKANDARAJAH:  Thank you, sir.
18            MR. HEBLICH:  Your Honor, I'm Fred
19    Heblich.  I'm an assistant federal public defender
20    from Charlottesville.  You may recall that many years
21    ago --
22            THE COURT:  Yes, I do.  Good to see you
23    again.  It's been a while.
24            MR. HEBLICH:  -- we had a case.
25            MR. COMBS:  Good morning, Your Honor.
```

```
 1  Robert Combs.  I represent Mr. Cruz Millan as well.
 2              THE COURT:  Thank you, Mr. Combs.
 3              The Court understands the matter is before
 4  it for an anticipated plea of guilty to Counts One,
 5  Nine and Ten, I believe, that involve this defendant.
 6  And as I assume everyone is aware, I'm -- I have
 7  volunteered to substitute for Judge Hudson, who is
 8  preparing for the trial of the remaining defendant.
 9              I understand that the plea will not be
10  pursuant to a written plea agreement but is based upon
11  an agreed upon statement of facts.  Assuming all is
12  correct, if counsel would approach the podium with the
13  defendant.  One of you is sufficient, or however many.
14  That's fine.
15              Sir, as a preliminary matter and even
16  though I know you've discussed the matter with your
17  attorneys, I must advise you directly of your right to
18  have this proceeding conducted by a district court
19  judge, in this case Judge Hudson, for purposes of the
20  proceeding, as opposed to myself, a United States
21  magistrate judge.
22              I understand that you intend to offer a
23  plea of guilty to those counts of the indictment in
24  which you are involved.  In order for a Court to
25  accept a plea of guilty to any charge or charges,
```

1  certain findings must first be made.  First, that the
2  plea is freely and voluntarily entered with a full
3  awareness of possible consequences, and secondly, that
4  there's a basis in fact to accept that plea or those
5  pleas of guilty; that is, if the matter proceeded to
6  trial, as is your right, that the Government could
7  prove the charge or charges.  Now, as I've indicated,
8  you have the right to have those findings made by a
9  district judge or you may waive that right for
10 purposes of entering those pleas.
11          I have in my hand a written waiver form to
12 that effect.  Do I understand correctly that having
13 discussed the matter with your attorney, having had
14 the form translated for you in its entirety, that you
15 have signed this form consenting to allow me to
16 entertain your pleas of guilty?  Is that correct?
17          THE DEFENDANT:  Yes, that is.
18          THE COURT:  Very well.
19          Now, sir, I have several questions to ask
20 of you, the purpose of which is to be able to make
21 those findings that I have just discussed with you.
22          First, however, I will ask that you affirm
23 to, of course, tell the truth in response to the
24 questions I am about to ask, and obviously, if it is
25 determined that you're not being truthful, that could

```
 1  cause additional problems.  Understood?
 2              THE DEFENDANT:  Understood.
 3              THE COURT:  Thank you.
 4              THE CLERK:  Would you raise your right
 5  hand, sir?
 6              (The defendant was sworn.)
 7              THE COURT:  Very well.
 8              You may confer with your attorney at any
 9  time during the hearing.
10              You may put your hand down.
11              If you wish to do so, just turn toward him
12  or ask me for that opportunity.  I will also tell you
13  at the beginning of the hearing that you may decide to
14  change your mind as we go along up until the final
15  point when I may accept any plea or pleas of guilty
16  that you may offer.  For example, you may decide to
17  stop answering the questions somewhere along that line
18  up until that final point.  If you decide to do so,
19  you will not be penalized in any way.  We will simply
20  stop and reset the matter for trial.
21              You may also decide to withdraw any plea
22  or pleas of guilty that you may have entered up until
23  the final moment when I may accept them, and I will
24  give you a final opportunity to reconsider the whole
25  situation.
```

```
 1                    The reason I tell you these things at the
 2    beginning of the hearing is that I want to emphasize
 3    to you how difficult it is for you to change your mind
 4    later.  An attempt to withdraw a plea or pleas of
 5    guilty once they have been accepted by the Court, the
 6    law states that a plea of guilty may only be withdrawn
 7    for what is called "fair and just reason."  That is a
 8    very high, very difficult standard to meet.  That is
 9    why I ask all these questions.  Do you understand?
10                    THE DEFENDANT:  Yes, I understand.
11                    THE COURT:  Now for the questions that I
12    have, first of all, are you the person named in the
13    formal charge; that is, Israel Cruz Millan?
14                    THE DEFENDANT:  Yes, sir.
15                    THE COURT:  Have you drunk any alcohol or
16    taken any drugs, including prescription medication,
17    within the past 24 hours?
18                    THE DEFENDANT:  No, sir.
19                    THE COURT:  Are you under the influence of
20    any substance of any kind at this time?
21                    THE DEFENDANT:  No, sir.
22                    THE COURT:  Have you ever been treated for
23    any mental or emotional disorder or addiction of any
24    kind?
25                    THE DEFENDANT:  No, sir.
```

```
 1                THE COURT:  How old are you, sir?
 2                THE DEFENDANT:  Twenty-six years old.
 3                THE COURT:  How far did you go in school?
 4                THE DEFENDANT:  Through high school.
 5                THE COURT:  Have you received a copy of
 6   the indictment and read it to yourself or had it
 7   translated for you and discussed it with your
 8   attorney?
 9                THE DEFENDANT:  Yes, sir.
10                THE COURT:  Will the Government please
11   state on the record the charges involving this
12   defendant, including potential penalty?
13                MR. GILL:  Your Honor, the defendant is
14   pleading guilty to Counts One, Nine and Ten of the
15   indictment.  Count One charges him with RICO
16   conspiracy.  The maximum penalties for that offense
17   are 20 years imprisonment, a 250,000-dollar fine, 3
18   years supervised release, and a 100-dollar mandatory
19   special assessment.
20                Count Nine charges him with conspiracy to
21   possess, produce and transfer false identification
22   documents, in violation of 18 U.S.C. 1028(f).  The
23   maximum penalties for that offense are 15 years
24   imprisonment, a 250,000-dollar fine, 3 years
25   supervised release, and a 100-dollar mandatory special
```

1  assessment.
2          Finally, Count Ten charges the defendant
3  with money laundering conspiracy, in violation of
4  18 U.S.C. 1956(h).  The maximum penalties for that
5  offense, 20 years imprisonment, a 500,000-dollar fine,
6  or twice the amount of money involved in the
7  transactions, 3 years supervised release, and a
8  100-dollar mandatory special assessment.
9          THE COURT:  Are there any possible
10 immigration consequences, Mr. Gill?
11         MR. GILL:  There are, indeed, Your Honor.
12 The defendant is subject to deportation by Homeland
13 Security Investigations at the conclusion of this
14 case.
15         THE COURT:  Would he be eligible for
16 reentry under any circumstances?
17         MR. GILL:  Never again, Your Honor.
18         THE COURT:  Very well.
19         Sir, do you understand what the three
20 charges are, potential criminal penalties upon
21 conviction, and immigration consequences?
22         THE DEFENDANT:  Yes, I do understand it,
23 sir.
24         THE COURT:  Very well.
25         Do you feel you've had a sufficient

```
 1  opportunity to discuss these charges and sentencing
 2  possibilities with your attorneys?
 3           THE DEFENDANT:  Yes, sir.
 4           THE COURT:  Have you discussed with them
 5  how any sentence will be determined; that is, that the
 6  sentencing judge will be guided by the advisory
 7  Sentencing Guidelines that are in effect?
 8           THE DEFENDANT:  Yes, sir.
 9           THE COURT:  And do you understand that by
10  pleading guilty to those charges, if I accept those
11  pleas of guilty, you are also consenting to allow him
12  to make any sentencing determination on his own; that
13  is, without the involvement of a jury and based on a
14  standard of proof of preponderance of the evidence,
15  which is a lower standard of proof, and that of beyond
16  a reasonable doubt as would have applied at trial.
17  Understood?
18           THE DEFENDANT:  Yes, sir.
19           THE COURT:  Are you entirely satisfied
20  with the services that your attorneys have provided
21  you in that have they answered all your questions and
22  otherwise given you enough information for you to make
23  up your own mind as to what to do?
24           THE DEFENDANT:  Completely satisfied, sir.
25           THE COURT:  Very well.  Thank you.
```

1                Of course, no one can force or compel you
2    to plead guilty to any charge.  Has anyone forced or
3    compelled you in any way?
4                THE DEFENDANT:  No, sir.
5                THE COURT:  Has anyone promised you
6    anything in order for you to plead guilty?
7                THE DEFENDANT:  No, sir.
8                THE COURT:  And, of course, you must
9    understand, as I'm sure you do, but just to make sure,
10   that you have the absolute right to maintain a plea of
11   not guilty to whatever charge or charges may be
12   pursued against you and require that the matter
13   proceed to the trial stage to determine your guilt or
14   innocence of that charge or those charges.
15               The reason for that is that the burden is
16   on the Government, not you, to prove your guilt beyond
17   a reasonable doubt before you can be found guilty of
18   any offense, but if you plead guilty to these charges
19   and if I accept those pleas of guilty, you must
20   understand that there will not be any trial to
21   determine your guilt or innocence.  Rather, the only
22   remaining issue will be what sentence is to be imposed
23   on each count, and that decision will be made by
24   another judge on a future date.
25               Because there will not be a trial if your

```
 1    anticipated pleas of guilty are accepted, you are also
 2    waiving or giving up various rights that you would
 3    have had at the trial stage.  I will not mention all
 4    of those rights, but let me mention several by way of
 5    example.  Make sure that you understand what you are
 6    waiving or giving up by pleading guilty.
 7                For example, you have the right at trial,
 8    through your attorney, to challenge whatever evidence
 9    or argument is offered by the Government to try to
10    prove your guilt such as through the cross-examination
11    of witnesses called to testify against you.  At trial,
12    you have the right to have a trial court compel the
13    production of relevant evidence on your behalf, the
14    appearance of witnesses, the production of
15    documentation, if any.
16                At trial, you would have the right to
17    present your own relevant evidence in your own
18    defense, including, if you so chose, your own
19    testimony or not.  You have the absolute right to
20    remain silent without the burden of having to produce
21    any evidence at all if you so decided.
22                And finally, by way of example only, you
23    would have the right at trial to have your guilt or
24    your innocence determined by a jury, a panel of 12
25    individuals, all of whom would have to agree that the
```

```
 1  Government had met its burden of proof beyond a
 2  reasonable doubt as to every essential element of
 3  whatever charge they were considering before you could
 4  be found guilty of that offense.  But by pleading
 5  guilty to these charges, if I accept those pleas of
 6  guilty, you are waiving those and other rights that
 7  you would have had at trial.  Do you understand?
 8              THE DEFENDANT:  Yes, sir, I understand,
 9  sir.
10              THE COURT:  All right, sir.
11              Are you intending to plead guilty to these
12  charges because you are, in fact, guilty of what they
13  say you did in each of Counts One, Nine and Ten?
14              THE DEFENDANT:  Yes, sir.
15              THE COURT:  Very well.
16              Now, sir, I'm confident that you have
17  discussed with your attorneys, based upon their
18  knowledge, expertise and experience, what they may
19  think to be an appropriate result in your case, a
20  sentencing range under those advisory Guidelines or a
21  particular sentence on each count or perhaps removal
22  or deportation from this country sooner rather than
23  later.  All that is fine.  That's part of their job in
24  representing you, but do you understand whatever they
25  may have told you in that regard is a prediction only
```

```
 1  of what's going to happen?  It is not a guarantee.
 2  Understood?
 3              THE DEFENDANT:  Understood, sir.
 4              THE COURT:  Very well.
 5              Counsel, are you satisfied that it is in
 6  the defendant's best interest to plead guilty to these
 7  charges rather than to proceed to trial?
 8              MR. SRISKANDARAJAH:  I am, Your Honor.
 9              THE COURT:  Are you satisfied that he
10  fully understands each of the three charges pending
11  against him?
12              MR. SRISKANDARAJAH:  Yes, Your Honor.
13              THE COURT:  Are you satisfied that he has
14  been competent and fully able to cooperate with you
15  and your colleagues throughout the course of your
16  representation of him?
17              MR. SRISKANDARAJAH:  Yes, sir.
18              THE COURT:  Are you satisfied that there
19  are no meritorious defenses that can be raised on his
20  behalf in regard to any of those allegations, or if
21  there are, that it is still in his best interest to
22  plead guilty to the charges rather than to proceed to
23  trial?
24              MR. SRISKANDARAJAH:  That's correct, sir.
25              THE COURT:  Are you satisfied that all of
```

```
 1   his rights have been preserved throughout this
 2   proceeding?
 3               MR. SRISKANDARAJAH:  Yes, sir.
 4               THE COURT:  Do you know of any reason why
 5   the Court should not now accept his anticipated pleas
 6   of guilty to those three counts?
 7               MR. SRISKANDARAJAH:  No, sir.
 8               THE COURT:  Ms. Garner, would you please
 9   rearraign the defendant on Counts One, Nine and Ten of
10   the indictment?
11               THE CLERK:  Does the defendant waive
12   formal reading of the indictment?
13               THE COURT:  Counsel, you may respond to
14   that.
15               MR. SRISKANDARAJAH:  Yes, Your Honor.
16               THE CLERK:  Do you, sir, understand the
17   charges contained in the indictment?
18               THE DEFENDANT:  Yes, ma'am.
19               THE CLERK:  I ask you now, sir, what is
20   your plea, guilty or not guilty, as to Counts One,
21   Nine and Ten of the indictment?
22               THE DEFENDANT:  I plead guilty.
23               THE COURT:  Very well.
24               Sir, I also have a copy of the written
25   statement of facts.  I assume the original is there
```

```
 1  before you on the lecturn.
 2           Do I understand correctly that having had
 3  the document translated for you in its entirety,
 4  having discussed its contents with your attorneys,
 5  that you have signed the document confirming that you
 6  agree with the truth of the matters set forth therein?
 7           THE DEFENDANT:  Yes, sir.
 8           THE COURT:  Mr. Gill, does the Government
 9  have any additional evidence in support of the pleas
10  entered?
11           MR. GILL:  No, Your Honor.
12           THE COURT:  Counsel, do you have any
13  additions or corrections to the written statement of
14  facts?
15           MR. SRISKANDARAJAH:  No, Your Honor.
16           THE COURT:  Sir, is this what happened in
17  very, very general terms; that during the relevant
18  time period, mainly from at least January 2010 through
19  November of the same year, you knowingly participated
20  in this conspiracy, this so-called false document
21  enterprise.  Your role was essentially that of an
22  overall manager, at least within the United States,
23  and in that capacity, you supervised activities of
24  subordinates in each of several cities.  And among
25  other activities, you were in known possession of
```

```
 1   false documentation that was generated and
 2   participated in the so-called laundering of monetary
 3   proceeds by utilizing Western Union transfers and
 4   such, during which time you knew that such activity
 5   was illegal?
 6              In very general terms, is that what
 7   happened?
 8              THE DEFENDANT: Yes, sir.
 9              THE COURT: Sir, I'm satisfied from your
10   answers to my various questions that the plea you
11   entered to each of those three counts was knowingly
12   and voluntarily entered, with a full awareness of
13   possible consequences, including immigration
14   consequences, and I'm satisfied from the statement of
15   facts that you have confirmed contains true
16   information that the Government could prove each of
17   those three charges if the matter had proceeded to
18   trial.
19              But as I told you I would at the beginning
20   of this hearing, I give you this final opportunity to
21   change your mind.  If you wish to withdraw any or all
22   of those pleas that you entered for whatever reason,
23   no further questions will be asked.
24              Do you wish to withdraw those pleas of
25   guilty or do you wish to maintain or keep them?
```

```
 1              THE DEFENDANT:  No, sir.  I am guilty.
 2              THE COURT:  Very well.
 3              It is, therefore, the finding of the Court
 4    that the defendant is fully competent and capable of
 5    entering an informed plea, that the defendant is aware
 6    of the nature of the charges as set forth in Counts
 7    One, Nine and Ten of the pending indictment and the
 8    consequences of his pleas of guilty to those charges,
 9    including immigration consequences, and that the pleas
10    of guilty are knowing and voluntary pleas, supported
11    by an independent basis in fact within each of the
12    essential elements of each offense charged.
13              The pleas are, therefore, accepted, and
14    the defendant is now adjudged guilty of each of those
15    offenses in those stated counts.  And I order that the
16    statements of facts that has been verified by the
17    defendant, which contains true information, be filed
18    in the record.
19              I will also enter the Sentencing Guideline
20    Order, sir, and I want to emphasize to you for your
21    own benefit the importance of your full and truthful
22    cooperation in providing whatever information is
23    requested by the probation office in preparing the
24    presentence report so that the sentencing judge has
25    all the true, relevant information that he needs in
```

```
 1   order to decide on an appropriate sentence on each
 2   count.  You'll be provided with a copy of such
 3   information at least 35 days in advance of the
 4   sentencing date that I note has already been scheduled
 5   for February 16th of next year.  If you would
 6   carefully with counsel, as I know they will with you,
 7   make any additions or corrections necessary so that --
 8   to ensure the sentencing judge has all the true
 9   information and relevant information that he needs.
10              And finally, I will also enter a report
11   and recommendation recommending to His Honor that he
12   adopt the findings I have made, including the
13   acceptance of your pleas of guilty.
14              If you have any objection to anything
15   occurring during this hearing, it must be noted in
16   writing and filed with the clerk of court within 14
17   days of today, and, of course, your attorneys will
18   assist you in that regard, if necessary.
19              Do you have any questions about anything
20   we have discussed?
21              THE DEFENDANT:  No, sir.  I would just
22   like to say to you thank you very much, may God bless
23   you and may he bless all of those that are present.
24              THE COURT:  Thank you, sir.
25              Counsel, do you have anything further?
```

```
 1              MR. SRISKANDARAJAH:  Nothing further, Your
 2   Honor.
 3              THE COURT:  Mr. Gill?
 4              MR. GILL:  No, Your Honor.  Thank you.
 5              THE COURT:  The Court remands the
 6   defendant to the continued custody of the United
 7   States Marshals pending further proceedings.
 8              Court will stand in recess.  Thank you.
 9
10              (The hearing in this matter concluded at
11              9:39 a.m.)
12
13                REPORTER'S CERTIFICATE
14         I do hereby certify that the foregoing is a
15   true and accurate transcription of my stenographic
16   notes taken in this matter to the best of my ability.
17
18         /s/ Tracy J. Stroh 7/6/12
             Tracy J. Stroh, RPR, CCR, CLR
19
20
21
22
23
24
25
```